# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 8:23-mj-00855-TJS |
| Joseph Bourabah | ) | Charging District's Case No. 2:23-mj-00028-DEM |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* __Eastern District of Virginia__

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☒ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district at a time set that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: __March 8, 2023__

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Nate Smith
*Printed name of defendant's attorney*

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>__JOSEPH BOURABAH__<br>*Defendant* | )<br>)<br>)  Case No. 2:23MJ 28<br>)<br>) |

ORIGINAL

SEALED

## ARREST WARRANT

To:   Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   __JOSEPH BOURABAH__ ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Count One:
18 U.S.C. § 2261A(2)(B)   Cyberstalking

*[Stamps: EASTERN DISTRICT OF VIRGINIA NORFOLK DIVISION 2023 FEB 22 P 3:39; RECEIVED UNITED STATES MARSHAL]*

Date: 02/22/2023

*Issuing officer's signature*

City and state:   Norfolk, VA         Douglas E. Miller, U.S. Magistrate Judge
                                      *Printed name and title*

### Return

   This warrant was received on *(date)* __08 MAR 2023__ , and the person was arrested on *(date)* __08 MAR 2023__
at *(city and state)* __Rockville, MD__ .

Date: __08 MAR 2023__

*Arresting officer's signature*

John Karem / SA
*Printed name and title*

AO 94 (Rev. 01/09, MD 6/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 8:23-mj-00855-TJS |
| ) | |
| Joseph Bourabah ) | Charging District's |
| _Defendant_ ) | Case No. 2:23-mj-00028-DEM |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the USDC for the Eastern District of Virginia (Norfolk).

The defendant may need an interpreter for this language: _____

The defendant:  ☐ will retain an attorney.
　　　　　　　 ☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: March 8, 2023

_Judge's signature_

Timothy J. Sullivan, United States Magistrate Judge
_Printed name and title_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

v.     Case No. TJS 23-mj-00855

*

Joseph Bourabah     *

\* \* \* \* \* \*

## ORDER APPOINTING FEDERAL PUBLIC DEFENDER

The above named Defendant having been found to be indigent and entitled to appointment of counsel under the Criminal Justice Act, and the government having proffered that they know of no conflict precluding appointment of the Public Defender,

IT IS ORDERED this _____8th_____ day of __March__, 2023, that the Federal Public Defender for the District of Maryland is appointed to represent the above named Defendant.

_____
Timothy J. Sullivan
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

UNITED STATES OF AMERICA

v.  Criminal No. TJS 23-mj-00855

Joseph Bourabah

    Defendant.

## ORDER [PURSUANT TO Fed R. Crim. P. 5(f)]

As amended on October 21, 2020, Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020) require that:

"In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such an order under applicable law."

Accordingly, the Court ORDERS the United States to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Brady v. Maryland* instructs that "the suppression by the prosecution of evidence favorable to an accused" violates due process where the evidence is "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Failure to adhere to this requirement in a timely manner may result in serious consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, vacating a conviction, or disciplinary action against the prosecution.

Having given counsel the oral admonition required by the Due Process Protections Act, the United States is ordered to produce in a timely manner all exculpatory evidence to the defendant pursuant to *Brady v. Maryland* and its progeny. Not doing so may result in the imposition of the sanctions referenced in this Order.

It is SO ORDERED.

Date: March 8, 2023

                                          The Honorable Timothy J. Sullivan
                                          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. TJS 23-mj-00855 |
| Joseph Bourabah | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or
    ☐ (b) an offense for which the maximum sentence is life imprisonment or death; or
    ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or
    ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
    ☐ (e) any felony that is not otherwise a crime of violence but involves:
      (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; *and*
  ☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
  ☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
  ☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☑ Lack of significant community or family ties to this district

- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

There is no TPC available to be of assistance to Pretrial in ensuring ∆ complies with any release conditions. Given the nature of the offense (cyberstalking), a TPC is crucial for the Court to even consider COR for this ∆. The weight of the evidence is very strong and the Court has concerns about this ∆'s ability to engage in the charged conduct (again) against witnesses - no meaningful ability now to remove/restrict ∆'s access to internet + internet capable devices in residence. Also ∆ has no ties to this community except his mother.

### Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: March 8, 2023

Timothy J. Sullivan
United States Magistrate Judge

# U.S. District Court
# District of Maryland (Greenbelt)
# CRIMINAL DOCKET FOR CASE #: 8:23-mj-00855-TJS-1 *SEALED*

Case title: USA v. SEALED                          Date Filed: 03/08/2023

Other court case number: 2:23-mj-00028-DEM USDC for the
                         Eastern District of Virginia

Assigned to: Magistrate Judge Timothy J. Sullivan

### Defendant (1)

**Joseph Bourabah**

| Pending Counts | Disposition |
|---|---|
| None | |

| Highest Offense Level (Opening) | |
|---|---|
| None | |

| Terminated Counts | Disposition |
|---|---|
| None | |

| Highest Offense Level (Terminated) | |
|---|---|
| None | |

| Complaints | Disposition |
|---|---|
| None | |

### Plaintiff

USA
Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/08/2023 | 1 | | Rule 5(c)(3) Documents Received from The United States District Court for the Eastern District of Virginia (Norfolk Division) as to Joseph Bourabah (jj2s, Deputy Clerk) (Additional attachment(s) added on 3/8/2023: # 1 Attachment Complaint, # 2 Affidavit) (jj2s, Deputy Clerk). (Entered: 03/08/2023) |

| 03/08/2023 | 2 | | Initial Appearance in Rule 5(c)(3) Proceedings as to Joseph Bourabah held on 3/8/2023 before Magistrate Judge Timothy J. Sullivan.(FTR- Johnson- 3B) (jj2s, Deputy Clerk) (Entered: 03/08/2023) |
|---|---|---|---|
| 03/08/2023 | 3 | | CJA 23 Financial Affidavit by Joseph Bourabah (jj2s, Deputy Clerk) (Entered: 03/08/2023) |
| 03/08/2023 | 4 | | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Joseph Bourabah Signed by Magistrate Judge Timothy J. Sullivan on 3/8/2023. (jj2s, Deputy Clerk) (Entered: 03/08/2023) |
| 03/08/2023 | 5 | | ORDER pursuant to Fed R Crim P 5(f) and the Due Process Protections Act as to Joseph Bourabah Signed by Magistrate Judge Timothy J. Sullivan on 3/8/2023. (jj2s, Deputy Clerk) (Entered: 03/08/2023) |
| 03/08/2023 | 6 | | WAIVER of Rule 5(c)(3) Hearing by Joseph Bourabah(jj2s, Deputy Clerk) (Entered: 03/08/2023) |
| 03/08/2023 | 7 | | ORDER OF DETENTION as to Joseph Bourabah Signed by Magistrate Judge Timothy J. Sullivan on 3/8/2023. (copy emailed to USMS on 03/08/2023) (jj2s, Deputy Clerk) (Entered: 03/08/2023) |
| 03/08/2023 | 8 | | COMMITMENT TO ANOTHER DISTRICT as to Joseph Bourabah. Defendant committed to The United States Eastern District of Virginia (Norfolk Division) Signed by Magistrate Judge Timothy J. Sullivan on 3/8/2023. (copy emailed to USMS on 03/08/2023) (jj2s, Deputy Clerk) (Entered: 03/08/2023) |
| 03/08/2023 | 10 | | Arrest Warrant Returned Executed on 3/08/2023 in case as to Joseph Bourabah(jj2s, Deputy Clerk) (Entered: 03/08/2023) |